

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00338-CR

## EX PARTE ADRIAN MAURICE THOMAS

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 52883-A, Honorable Dee Johnson, Presiding

August 12, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

In 2007, Appellant, Adrian Maurice Thomas, was convicted of possession of a controlled substance and sentenced to thirty-five and one-half years of imprisonment.[1] In 2026, Appellant filed an application for writ of habeas corpus in the trial court, seeking a reduction of his sentence. The trial court denied the motion on June 25, 2026. Appellant, proceeding pro se, appeals that order. We dismiss the appeal for want of jurisdiction.

Generally, an appellate court has jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction or where appellate jurisdiction has been

---

[1] *Thomas v. State,* No. 07-07-00398-CR, 2008 Tex. App. LEXIS 229, at *2 (Tex. App.—Amarillo Jan. 11, 2008, no pet.) (mem. op., not designated for publication) (affirming judgment of conviction).

expressly granted by law. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). We have found no authority granting this Court jurisdiction to consider an appeal from the orders denying Appellant's post-conviction application for writ of habeas corpus. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("Jurisdiction must be expressly given to the courts of appeals in a statute."); *Carter v. State*, No. 07-14-00296-CR, 2015 Tex. App. LEXIS 3584, at *3 (Tex. App.—Amarillo Apr. 10, 2015, no pet.) (mem. op., not designated for publication) (finding no authority to review the denial of a post-conviction motion seeking to set aside a final conviction). Rather, only the Court of Criminal Appeals has jurisdiction over matters seeking post-conviction relief from a final felony conviction. *See* TEX. CODE. CRIM. PROC. art. 11.07 (outlining the procedures for an application for writ of habeas corpus); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

By letter of July 22, 2026, we directed Appellant to show how we have jurisdiction over this appeal. Although Appellant filed a response, he did not demonstrate grounds for continuing the appeal.

Because Appellant has not presented this Court with a judgment of conviction or an appealable order, we dismiss the appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07.

2